## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GLENN MAYER, JR., | ) | Case No. 1:19-cv-2620 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Kathleen B. Burke |
| | ) | |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Glenn Mayer, Jr., a detainee in the Cuyahoga County jail at all relevant times, brought this action alleging that a corrections officer, Defendant Darriell Hayes, used excessive force causing him serious injuries. On re-assignment of this case on December 16, 2020, several motions affecting the course and scope of pretrial proceedings remained pending. The Court addresses each in turn.

**1.      Motion to Strike Amended Complaint (ECF No. 17)**

Plaintiff filed the complaint on October 14, 2019 against two defendants, Cuyahoga County and Mr. Hayes. (ECF No. 1-1.) In his complaint, Mr. Mayer asserted the following nine claims:

| Count | Claim | Defendant(s) |
|---|---|---|
| 1 | Excessive Force *Monell* Claim | County |
| 2 | Deliberate Indifference, Failure to Train and Supervise, Section 1983 | County |

| 3 | Excessive Force, Section 1983 | Mr. Hayes |
|---|---|---|
| 4 | Assault | Mr. Hayes |
| 5 | Battery | Mr. Hayes |
| 6 | Intimidation | Mr. Hayes |
| 7 | Civil Liability for Criminal Acts | Mr. Hayes |
| 8 | Reckless Hiring, Training, etc. | County |
| 9 | Destruction of Public Records | County |

(*Id.*, PageID #30–42.)  On the basis of these claims, Plaintiff seeks compensatory and punitive damages, among other remedies.  (*Id.*, PageID #42–43.)

Cuyahoga County answered (ECF No. 4), and Mr. Hayes moved to dismiss on January 13, 2020 (ECF No. 9).  Among other issues, the motion seeks dismissal of Plaintiff's third claim, arguing that Mr. Mayer may not state a claim for excessive force under the Fourth Amendment.  (ECF No. 9-1, PageID #231.)  In response, Plaintiff filed an amended complaint that made two relevant changes to the allegations in the complaint.  (ECF No. 11.)  First, the amendment clarified that Plaintiff brings his excessive force claim under 42 U.S.C. § 1983 against Cuyahoga County in Count 3 under the Fourteenth Amendment, not the Fourth Amendment. (*Id.*, PageID #322.)  Second, the amended complaint added various factual allegations, which Plaintiff alleges support his claims and Defendants maintain have no relevance to this case.  (*See generally* ECF No. 20, PageID #442–43.)  Procedurally,

2

Plaintiff admittedly filed the amendment nine days beyond Rule 15(a)(1)'s deadline for amendment as of right.  (ECF No. 19, PageID #440.)

Under Rule 12(f), a court may strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Defendants attempt to use a motion to strike for a different purpose—to deny amendment.  Although Plaintiff did not comply with the requirements for amendment under Rule 15, the Court finds that this procedural impropriety does not rise to a level warranting a motion to strike.  *See Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

Instead, the Court construes the motion to strike generally as opposition to Plaintiff's (belated) attempt to amend.  Doing so cures any prejudice from denying Defendants the opportunity to be heard on Plaintiff's amendment.  Although Plaintiff failed strictly to comply with Rule 15(a), the rule still embodies a liberal policy in favor of amendment—at least before a deadline set in a case management order.  *See* Fed. R. Civ. P. 15(a)(2); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (requiring good cause for amendment after a deadline in a scheduling order).  Here, no case management or scheduling order provided a deadline for amendment.  Therefore, the liberal amendment policy of Rule 15 applies.

Defendants argue that the amendment contains many extraneous and irrelevant allegations.  On the merits of Plaintiff's claims, Defendants may be right.  But at the pleading stage, admissibility does not determine the propriety of an allegation.  Although the allegations may determine the proper scope of discovery, the proportionality requirement of Rule 26(b)(1) offers appropriate and meaningful

protections to Defendants, notwithstanding the pleading requirements of Rule 8 or the amendment policy of Rule 15.  In other words, just because Plaintiff's amended complaint makes allegations about the experience of other individuals in the jail and the U.S. Marshal's report, discovery on those items may not be proportional to the needs of the case.

Under Rule 15's liberal amendment policy, the Court discerns no prejudice from the amendment, **GRANTS** leave *nunc pro tunc* for its filing, and **DENIES** Defendants' motion to strike (construed as opposition to amendment).  As a result, the amended complaint (ECF No. 11) now constitutes the operative complaint.

**2.      Motion to Bifurcate and Stay Discovery (ECF No. 18)**

Defendants moved to bifurcate the trial of this matter to avoid prejudice to Mr. Hayes from the types of evidence that may be admitted against the County on various of Plaintiff's claims.  Additionally, seeking to avoid expensive and potentially broad and far-reaching discovery on Plaintiff's *Monell* claims against the County, Defendants moved to stay discovery from the County until Plaintiff can prove Mr. Hayes committed a constitutional violation during the incident at issue.

At the case management conference the next day, the Court directed the parties to proceed with discovery on Plaintiff's claims against Mr. Hayes and to hold off on discovery from the County.  (Tr. at 26.)

Generally, the Court agrees with the course charted at the case management conference and, in the interest of resolving the pending motion, addresses the issues Defendants raise.  First, regarding bifurcation of trial, at this stage of the proceedings, the motion is premature.  Not only is there not a trial date, but the

4

parties have various discovery disputes.  Without a more complete picture of the state of the record, the Court is unable to determine whether bifurcation of the trial as Defendants request is appropriate or not.  Therefore, the Court will deny the motion without prejudice and take up the issue later.

Second, regarding discovery, the Court agrees with Defendants that discovery should proceed on Plaintiff's claim regarding the incident he alleges and that discovery on Plaintiff's *Monell* claim and the allegations regarding other specific incidents and individuals in the amended complaint (if relevant and proportional) should await determination of whether Mr. Mayer suffered a violation of his constitutional rights.  As Defendants point out, this approach may avoid potentially needless and burdensome discovery and conserve the resources of the parties and the Court until after a ruling on Defendants' motion for summary judgment on Plaintiff's constitutional claim against Mr. Hayes.

For these reasons, the Court **DENIES WITHOUT PREJUDICE**, Defendants' motion to bifurcate trial and **GRANTS IN PART** Defendants' motion to stay discovery.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** leave *nunc pro tunc* for the filing of the amended complaint and **DENIES** Defendants' motion to strike (construed as opposition to amendment).  As a result, the amended complaint (ECF No. 11) will now serve as the operative complaint.  Mr. Hayes's motion to dismiss the counts of the original complaint against him remains pending.  In the interest of

judicial economy, the Court will treat the pending motion to dismiss (ECF No. 9), which is fully briefed, as a motion to dismiss Counts 3, 4, 5, 6, and 7 of the amended complaint without the need for further briefing and address that motion in a separate ruling.

Further, for the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE**, Defendants' motion to bifurcate trial and **GRANTS IN PART** Defendants' motion to stay discovery.

**SO ORDERED.**

Dated:  January 19, 2021

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio