**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GLENN MAYER, JR.** | ) | **CASE NO.: 1:19-cv-2620** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE: J. PHILIP CALABRESE** |
| **vs.** | ) | |
| | ) | |
| **CUYAHOGA COUNTY AND** | ) | |
| **DARRIELL HAYES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants Cuyahoga County (sometimes referred to as the "County") and Darriell Hayes submit the following objections and responses to Plaintiff's Amended Complaint:

**(Nature of the Action)**

1.     The allegations in Paragraph 1 are denied.

2.     The allegations in Paragraph 2 are denied.

**(Parties)**

3.     The allegations in Paragraph 3 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

4.     Defendants admits that Cuyahoga County is a political subdivision of the State of Ohio and further admit that it operates the Cuyahoga County Corrections Center (the "CCCC"). Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.     Defendants admits that Darriell Hayes was a corrections officer employed in the CCCC until approximately August 2019.  The remaining allegations in Paragraph 5 are denied

1

for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

## (Jurisdiction and Venue)

6.      Defendants admit that this Court possesses subject-matter jurisdiction over this action, which contains claims that purport to arise under the Constitution and laws of the United States.  The remaining allegations in Paragraph 6 state legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 state legal conclusions that require no answer.

## (Factual Background)

8.      The allegations in Paragraph 8 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

9.      Defendants admit that Plaintiff was booked into the CCCC in August 2018.  The remaining allegations in Paragraph 9 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

10.      The allegations in Paragraph 10 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

11.      The allegations in Paragraph 11 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

12.      The allegations in Paragraph 12 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

13.      The allegations in Paragraph 13 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

14.      The allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

18.     The allegations in Paragraph 18 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

19.     The allegations in Paragraph 19 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

20.     The allegations in Paragraph 20 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

21.     The allegations in Paragraph 21 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

22.     The allegations in Paragraph 22 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

23.     The allegations in Paragraph 23 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

24.     The allegations in Paragraph 24 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

25.     The allegations in Paragraph 25 are denied.

26.     The allegations in Paragraph 26 are denied.

27.     Defendants admit that on December 20, 2018 Defendant Hayes was issued a Notice of Pre-Disciplinary Conference stating that Hayes was being considered for discipline for violating Sheriff's Department Rules #20, 27, and 81.

28.     The allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     Defendants admit that Defendant Darriell Hayes was hired to be a corrections officer in the CCCC in 2013.

31.     The allegations in Paragraph 31 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     Defendants admit that Defendant Hayes received a written reprimand dated December 13, 2013 in which it is determined that Defendant Hayes violated Rule 1 of the Standard Schedule of Disciplinary Offenses and Penalties for Employees of the Cuyahoga County Sheriff's Department five times in October 2013.

35.     Defendants admit that Defendant Hayes's personnel file contains a letter dated March 18, 2014 stating that he will receive a one day suspension, and that the reason given for the suspension is that he violated Rule #9 (sleeping on duty) of the Standard Schedule of Disciplinary Offenses and Penalties for Employees of the Cuyahoga County Sheriff's Department.

36.     Defendants admit that Defendant Hayes's personnel file contains an Employee Reprimand dated February 6, 2015, designated as a verbal reprimand, and that the Employee Reprimand states that Defendant Hayes "was accused of referring to Nurse Cooper as 'the pregnant bitch.'"  Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that Defendant Hayes's personnel file contains an Employee Reprimand dated March 14, 2016, designated as a written reprimand, and that the Employee

4

Reprimand states that the reason for the reprimand is that Defendant Hayes violated Rule 2 of the Standard Schedule of Disciplinary Offenses and Penalties for Employees of the Cuyahoga County Sheriff's Department by accumulating 16.93 hours of AWOL in one year. Defendants deny the remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

39.     Defendants admit that Defendant Hayes's personnel file contains an Employee Reprimand dated March 3, 2018, designated as a verbal reprimand, and that the Employee Reprimand concerned the mandatory Roll Call. Defendants deny the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

41.     The allegations in Paragraph 41 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

42.     The allegations in Paragraph 42 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

43.     The allegations in Paragraph 43 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

44.     The allegations in Paragraph 44 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

45.     The allegations in Paragraph 45 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

46.     The allegations in Paragraph 46 are denied.

47.     The allegations in Paragraph 47 for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

48.     The allegations in Paragraph 48 are denied.

49.     The allegations in Paragraph 49 are denied.

50.     The allegations in Paragraph 50 are denied.

## OTHER INCIDENTS RESULTING FROM THE MALICIOUS, BAD-FAITH, WANTON, AND RECKLESS EXERCISE OF DISCRETION AT THE COUNTY JAIL

51.     The allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

### (Lucille Dumas)e

53.     The allegations in Paragraph 53 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

54.     The allegations in Paragraph 54 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

55.     The allegations in Paragraph 55 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

56.     The allegations in Paragraph 56 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

57.     The allegations in Paragraph 57 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

58.     The allegations in Paragraph 58 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

59.     The allegations in Paragraph 59 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

**(Chariell Glaze)**

60.     The allegations in Paragraph 60 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

61.     The allegations in Paragraph 61 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

62.     The allegations in Paragraph 62 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

63.     The allegations in Paragraph 63 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

64.     The allegations in Paragraph 64 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

65.     The allegations in Paragraph 65 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

66.     The allegations in Paragraph 66 are denied.

67.     The allegations in Paragraph 67 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

68.     The allegations in Paragraph 68 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

69.     The allegations in Paragraph 69 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

70.     The allegations in Paragraph 70 are denied.

**(Joshua Castleberry)**

71.     Defendants admit that Joshua Castleberry was incarcerated in the CCCC on or about February 5, 2018 and further admit that an incident occurred between Castleberry and Corrections Officer Wilson. The remaining allegations in Paragraph 71 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

72.     Defendants admit that Ken Mills was, at various times, the administrator of the CCCC and that he has since resigned from his employment with the County and is under indictment.  The remaining allegations in Paragraph 72 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

73.     Defendants admit that Castleberry was transported to the hospital.  The remaining allegations in Paragraph 73 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

74.     The allegations in Paragraph 74 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

75.     The allegations in Paragraph 75 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

76.     Defendants admit that Officers Wilson and Jozwiak were indicted and that Officer Jozwiak was acquitted of all charges and Officer Wilson was acquitted of some charges, while the jury was unable to reach a verdict with respect to the remaining charges against Officer Wilson.  The remaining allegations in Paragraph 76 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

77.     The allegations in Paragraph 77 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

78.     The allegations in Paragraph 78 are denied.

79.     The allegations in Paragraph 79 are denied.

80.     The allegations in Paragraph 80 are denied.

81.     The allegations in Paragraph 81 are denied.

### (Chantelle Glass)

82.     Defendants admit that Chantelle Glass was booked into the jail in July 2018. Defendants deny the remaining allegations in Paragraph 82 for want of knowledge.

83.     The allegations in Paragraph 83 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

84.     The allegations in Paragraph 84 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

85.     The allegations in Paragraph 85 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

86.     The allegations in Paragraph 86 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

87.     The allegations in Paragraph 87 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

88.     The allegations in Paragraph 88 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

89.     The allegations in Paragraph 89 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

90.     The allegations in Paragraph 90 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

91.     The allegations in Paragraph 91 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

92.     The allegations in Paragraph 92 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

93.     The allegations in Paragraph 93 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

94.     The allegations in Paragraph 94 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

95.     The allegations in Paragraph 95 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

96.     The allegations in Paragraph 96 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

97.     The allegations in Paragraph 97 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

98.     The allegations in Paragraph 98 are denied.

99.     The allegations in Paragraph 99 are admitted.

100.    The allegations in Paragraph 100 are admitted.

101.    Defendants admit that Idris-Farid Clark plead guilty to attempted felonious assault and unlawful restraint for the incident with Chantelle Glass, and that he also plead guilty to extortion.  The remaining allegations in Paragraph 101 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

102.    The allegations in Paragraph 102 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

103.    The allegations in Paragraph 103 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

104.    The allegations in paragraph 104 are denied.

105.    The allegations in paragraph 105 are denied.

### (Blanche Hill)

106.    Defendants admit that Blanche Hill was in the CCCC.  The remaining allegations in Paragraph 106 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

107.    The allegations in Paragraph 107 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

108.    The allegation in Paragraph 108 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

109.    The allegations in Paragraph 109 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

110.    The allegations in Paragraph 110 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein..

111.    The allegations in Paragraph 111 are denied.

112.    The allegations in Paragraph 112 are denied.

### (Corionne Lawrence)

113.    Defendants admit that Corionne Lawrence was booked into the CCCC.  The remaining allegations in Paragraph 113 are denied.

114.    The allegations in Paragraph 114 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

115.    The allegations in Paragraph 115 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

116.    The allegations in Paragraph 116 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

117.    The allegations in Paragraph 117 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

118.    The allegations in Paragraph 118 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

119.    The allegations in Paragraph 119 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

120.    The allegations in Paragraph 120 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

121.    The allegations in Paragraph 121 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

122.    The allegations in Paragraph 122 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

123.    The allegations in Paragraph 123 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

124.    The allegations in Paragraph 124 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

125.    The allegations in Paragraph 125 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

126.    The allegations in Paragraph 126 are admitted.

127.     The allegations in Paragraph 127 are denied.

128.     The allegations in Paragraph 128 are denied.

### (Joseph Sawyer)

129.     The allegations in Paragraph 129 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

130.     The allegations in Paragraph 130 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

131.     The allegations in Paragraph 131 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

132.     The allegations in Paragraph 132 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

133.     The allegations in Paragraph 133 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

134.     The allegations in Paragraph 134 are denied.

135.     The allegations in Paragraph 135 are denied.

### (Timothy Bennett)

136.     The allegations in Paragraph 136 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

137.     The allegations in Paragraph 137 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

138.     The allegations in Paragraph 138 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

139.    The allegations in Paragraph 139 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

140.    The allegations in Paragraph 140 are denied.

### (Tyrone Hipps, Jr.)

141.    Defendants admit that Tyrone Hipps, Jr. was booked into the CCCC in June 2018. The remaining allegations in Paragraph 141 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

142.    The allegations in Paragraph 142 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

143.    The allegations in Paragraph 143 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

144.    The allegations in Paragraph 144 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

145.    The allegations in Paragraph 145 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

146.    The allegations in Paragraph 146 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

147.    The allegations in Paragraph 147 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

148.    The allegations in Paragraph 148 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

149.    The allegations in Paragraph 149 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

150.    The allegations in Paragraph 150 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

151.    The allegations in Paragraph 151 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

152.    The allegations in Paragraph 152 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

153.    The allegations in Paragraph 153 are denied.

154.    The allegations in Paragraph 154 are denied.

**(Jasper Muldrew)**

155.    The allegations in Paragraph 155 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

156.    The allegations in Paragraph 156 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

157.    The allegations in Paragraph 157 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

158.    The allegations in Paragraph 158 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

159.    The allegations in Paragraph 159 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

160.    The allegations in Paragraph 160 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

161.    The allegations in Paragraph 161 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

162.    The allegations in Paragraph 162 are denied.

**(Daniel Ford)**

163.    The allegations in Paragraph 163 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

164.    The allegations in Paragraph 164 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

165.    The allegations in Paragraph 165 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

166.    The allegations in Paragraph 166 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

167.    The allegations in Paragraph 167 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

168.    The allegations in Paragraph 168 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

169.    The allegations in Paragraph 169 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

170.    The allegations in Paragraph 170 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

171.    The allegations in Paragraph 171 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

172.    The allegations in Paragraph 172 are denied.

173.    The allegations in Paragraph 173 are denied.

**(Antoine Blackshear)**

16

174.     The allegations in Paragraph 174 are denied.

175.     The allegations in Paragraph 175 are denied.

176.     The allegations in Paragraph 176 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

177.     The allegations in Paragraph 177 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

178.     The allegations in Paragraph 178 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

179.     The allegations in Paragraph 179 are denied.

180.     The allegations in Paragraph 180 are denied.

### (Margaret Jackintell)

181.     Defendants admit that Margaret Jackintell was in the CCCC in 2018.  The remaining allegations in Paragraph 181 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

182.     The allegations in Paragraph 182 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

183.     The allegations in Paragraph 183 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

184.     The allegations in Paragraph 184 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

185.     The allegations in Paragraph 185 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

186.     The allegations in Paragraph 186 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

187.     The allegations in Paragraph 187 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

188.     The allegations in Paragraph 188 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

189.     The allegations in Paragraph 189 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

190.     The allegations in Paragraph 190 are denied.

191.     The allegations in Paragraph 191 are denied.

**(Terrence Debose)**

192.     Defendants admit that Terrence Debose was strapped into a restraint chair.  The remaining allegations in Paragraph 192 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

193.     The allegations in Paragraph 193 are admitted.

194.     The allegations in Paragraph 194 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

195.     The allegations in Paragraph 195 are admitted.

196.     The allegations in Paragraph 196 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

197.     The allegations in Paragraph 197 are denied.

**(Michael Roarty-Nugent)**

198.    The allegations in Paragraph 198 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

199.    The allegations in Paragraph 199 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

200.    The allegations in Paragraph 200 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

201.    The allegations in Paragraph 201 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

202.    The allegations in Paragraph 202 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

203.    The allegations in Paragraph 203 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

204.    The allegations in Paragraph 204 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

205.    The allegations in Paragraph 205 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

206.    The allegations in Paragraph 206 are denied.

207.    The allegations in Paragraph 207 are denied.

208.    The allegations in Paragraph 208 are denied.

209.    The allegations in Paragraph 209 are denied.

210.    The allegations in Paragraph 210 are denied.

211.    The allegations in Paragraph 211 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

**(Claim 1 – 42 U.S.C. § 1983 against Defendant Cuyahoga County)**

212.     In response to Paragraph 212, Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

213.     The allegations in Paragraph 213 are denied.

214.     The allegations in Paragraph 214 are denied.

215.     The allegations in Paragraph 215 are denied.

216.     The allegations in Paragraph 216 are denied.

217.     The allegations in Paragraph 217 are denied.

218.     The allegations in Paragraph 218 are denied.

219.     The allegations in Paragraph 219 are denied.

220.     The allegations in Paragraph 220 are denied.

221.     The allegations in Paragraph 221 are denied.

222.     The allegations in Paragraph 222 are denied.

223.     The allegations in Paragraph 223 are denied.

224.     The allegations in Paragraph 224 are denied.

225.     Defendants admit that in November 2018 Administrative and Presiding Judge John Russo sent a letter to the Cuyahoga County Executive on behalf of the Judges of the Cuyahoga County Court of Common Pleas, in which he wrote "The County's indifference to the dangers created by failing to meet the needs of a very fragile and volatile prison population must end."  The remaining allegations in Paragraph 225 are denied.

226.     The allegations in Paragraph 226 are denied.

227.     The allegations in Paragraph 227 are denied.

228.     The allegations in Paragraph 228 are denied.

229.     The allegations in Paragraph 229 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

230.     Defendants admit that the Ohio Attorney General has indicted certain current and former employees of the CCCC in 2019, including the former warden and the former regional director of corrections.  The remaining allegations in Paragraph 230 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

231.     The allegations in Paragraph 231 are denied.

232.     The allegations in Paragraph 232 are denied.

233.     The allegations in Paragraph 233 are denied.

### (Claim 2 – 42 U.S.C. § 1983 against Defendant Cuyahoga County)

234.     In response to Paragraph 234, the Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

235.     The allegations in Paragraph 235 are denied.

236.     The allegations in Paragraph 236 are denied.

237.     The allegations in Paragraph 237 are denied.

238.     The allegations in Paragraph 238 are denied.

239.     The allegations in Paragraph 239 are denied.

240.     The allegations in Paragraph 240 are denied.

241.     The allegations in Paragraph 241 are denied.

242.     The allegations in Paragraph 242 are denied.

243.     The allegations in Paragraph 243 are denied.

244.     The allegations in Paragraph 244 are denied.

245.     The allegations in Paragraph 245 are denied.

### (Claim 3 – 42 U.S.C. § 1983 against Defendant Darriell Hayes)

246.     In response to Paragraph 246, the Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

247.     The allegations in Paragraph 247 are denied.

248.     The allegations in Paragraph 248 are denied.

249.     The allegations in Paragraph 249 are denied.

250.     The allegations in Paragraph 250 are denied.

251.     The allegations in Paragraph 251 are denied.

252.     The allegations in Paragraph 252 are denied.

253.     The allegations in Paragraph 253 are denied.

### (Claim 4 – Assault against Defendant Darriell Hayes)

254.     In response to Paragraph 254, the Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

255.     The allegations in Paragraph 255 are denied.

256.     The allegations in Paragraph 256 are denied.

257.     The allegations in Paragraph 257 are denied.

258.     The allegations in Paragraph 258 are denied.

### (Claim 5 – Battery against Defendant Darriell Hayes)

259.     In response to Paragraph 259, the Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

260.     The allegations in Paragraph 260 are denied.

261.     The allegations in Paragraph 261 are denied.

262.    The allegations in Paragraph 262 are denied.

263.    The allegations in Paragraph 263 are denied.

### (Claim 6 – Intimidation against Defendant Darriell Hayes)

264.    Claim 6 was dismissed, and thus no response is necessary.

### (Claim 7 – Civil liability for criminal acts under R.C. 2907.60 against Defendant Darriell Hayes)

265.    Claim 7 was dismissed, and thus no response is necessary.

### (Claim 8 – Reckless Hiring, Training, Supervision, Discipline, Staffing and Retention Defendant Cuyahoga County)

274.    In response to Paragraph 274, the Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

275.    The allegations in Paragraph 275 are denied.

276.    The allegations in Paragraph 276 are denied.

277.    The allegations in Paragraph 277 are denied.

278.    The allegations in Paragraph 278 are denied.

### (Claim 9 – Destruction of Public Records Against Defendant Cuyahoga County)

279.    In response to Paragraph 279, Defendants restate all of the admissions, statements, and denials as set forth above as though fully rewritten herein.

280.    The allegations in Paragraph 280 are denied.

281.    Paragraph 281 states a legal conclusion and thus not response is required.  To the extent a response is required, it is denied.

282.    Paragraph 282 states a legal conclusion and thus not response is required.  To the extent a response is required, it is denied.

283.    The allegations in Paragraph 283 are denied.

284.    The allegations in Paragraph 284 are denied.

285.    Paragraph 285 states a legal conclusion and thus not response is required.  To the extent a response is required, it is denied.

286.    Paragraph 286 states a legal conclusion and thus not response is required.  To the extent a response is required, it is denied.

287.    The allegations in Paragraph 287 are denied.

288.    The allegations in Paragraph 288 are denied.

289.    The allegations in Paragraph 289 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

290.    The allegations in Paragraph 290 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

291.    The allegations in Paragraph 291 are denied for lack of sufficient information or knowledge to form a belief about the truth of the allegations contained therein.

292.    The allegations in Paragraph 292 are denied.

293.    The allegations in Paragraph 293 are denied.

294.    The allegations in Paragraph 294 are denied.

295.    The allegations in Paragraph 295 are denied.

296.    Paragraph 296 states a legal conclusion and thus not response is required.  To the extent a response is required, it is denied.

206.    Defendants deny that Plaintiff is entitled to the judgment requested in paragraphs A-J on pages 49-50 of Plaintiff's Complaint.

207.    Defendants deny each and every statement and allegation not specifically admitted herein as true.

208.    To the extent any of the headings in the Complaint are construed to be factual allegations they are denied.

## AFFIRMATIVE DEFENSES

Defendants Cuyahoga County and Darriell Hayes state the following Affirmative Defenses to Plaintiff's Complaint:

1.      Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

2.      Defendant Hayes is entitled to qualified immunity.

3.      Plaintiff has failed to exhaust his administrative remedies in compliance with all exhaustion requirements, including that in the federal Prison Litigation Reform Act.

4.      Plaintiff lacks standing, fails to assert justiciable claims, or has not suffered injuries or damages sufficient to support one or more of his Constitutional claims.

5.      Plaintiff failed to properly serve the Complaint on the Defendants.

6.      Plaintiff is not entitled to punitive damages as the Defendants did not act or fail to act in a manner sufficient to give rise to punitive damages liability.

7.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is seeking to recover costs or damages that are unreasonable, duplicative or otherwise inappropriate. Plaintiff has incurred no damages cognizable by law.

8.      Some or all of Plaintiff's injuries and/or damages, if any, were caused by a third party over whom the Defendants had no control or duty to control.

9.      Plaintiff's alleged injuries were caused in whole or in part by intervening and/or superseding acts, events or omissions of entities other than the Defendants.

10.     At all times, Defendants acted reasonably and in good faith.

11.     Defendants are entitled to all statutory and common law immunities available under federal or state law.

12.     Defendants are entitled to all immunities and defenses established under Ohio Revised Code Ch. 2744, including but not limited to the damages limitations in Ohio Revised Code § 2744.05.

13.     Plaintiff's claims are barred in whole or in part due to his own contributory negligence, recklessness, wanton and/or intentional conduct.

14.     Plaintiff is not entitled to recover punitive damages, prejudgment interest or post-judgment interest, or attorney fees or costs from the Defendants.

15.     Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

16.     Defendants had a privilege or justification to use force against Plaintiff.

17.     Even if Plaintiff prevails on his claims, which he should not, he is not entitled to recover attorneys' fees that are unreasonable, excessive, unwarranted, unrelated to this litigation, or that exceed the caps on fees set forth in the federal Prison Litigation Reform Act.

18.     Any recovery to which Plaintiff might have been otherwise entitled is barred by the doctrines of laches, waiver, release, estoppel, and/or unclean hands.

19.     Defendants state that if Plaintiff sustained any damage or injury, such damage or injury was directly or proximately caused or contributed to by the negligence of persons, including the Plaintiff, other than the Defendants.

20.     Any and/or all damage or injury complained of was proximately caused by intervening and/or superseding acts of persons or entities.

21.     If Defendants are found liable to Plaintiff, then pursuant to Ohio law, including but not limited to R.C. 2315.32-2315.36, damages must be apportioned among Plaintiff and all persons or entities whose faults caused Plaintiff's damages, and these answering Defendants should only be responsible for its share of damages, if any.

22.     Defendants reserve the right to add any additional Affirmative Defenses as the evidence and discovery so disclose.

WHEREFORE, having fully answered, the Defendants Cuyahoga County and Darriell Hayes pray that Plaintiff's Amended Complaint be dismissed with prejudice, that the Court enter judgment in Defendants' favor, grant Defendants' costs and attorneys' fees and for whatever additional legal and equitable relief that the Court may find just and equitable under the circumstances.

**JURY DEMAND**

Defendants hereby demand a trial by jury.

Respectfully submitted,


MICHAEL C. O'MALLEY, Prosecuting
Attorney for Cuyahoga County, Ohio

__/s/ Kenneth Rock_____
KENNETH ROCK (0096482)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio   44113
Tel:  (216) 443-7825 Fax: (216) 443-7602
*krock@prosecutor.cuyahogacounty.us*

*Attorney for Defendants Cuyahoga County and*
*Darriell Hayes*