**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GLENN MAYER, JR.,** | ) | **CASE NO.  1:19-cv-2620** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE J. PHILIP CALABRESE** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS 6, 7, 8, 9, 13, AND 14 IN PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

---

Defendants Cuyahoga County and Darriell Hayes, by and through counsel, hereby submit this memorandum of law in support of their motion to dismiss claims 6, 7, 8, 9, 13, and 14 in Plaintiff's Second Amended Complaint.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting
Attorney for Cuyahoga County, Ohio

__/s/ Kenneth Rock_____
KENNETH ROCK (0096482)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio  44113
Tel:  (216) 443-7825 Fax: (216) 443-7602
*krock@prosecutor.cuyahogacounty.us*

*Attorney for Defendants Cuyahoga County and Darriell Hayes*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

SUMMARY OF THE ARGUMENT PRESENTED ..................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED ................................................... 1

RELEVANT FACTUAL ALLEGATIONS ................................................................. 1

LAW AND ARGUMENT ........................................................................................... 3

    I.    Standard for a Rule 12(b)(6) Motion to Dismiss ................................................. 3

    II.    CLAIMS AGAINST THE COUNTY ............................................................... 3

        a.    Reckless Hiring (Claim 8) ............................................................................ 3

        b.    Destruction of Public Records (Claim 9) ................................................... 5

    III.    CLAIMS AGAINST DEFENDANT HAYES ................................................. 12

        a.    Intimidation Claim (Claim 6) ..................................................................... 12

        b.    Civil Liability for Unlawful Restraint (Claim 13) ...................................... 15

        c.    Civil Liability for Criminal Dereliction of Duty (Claim 14) ...................... 16

    IV.    SPOLIATION CLAIM AGAINST BOTH DEFENDANTS (CLAIM 7) .................... 18

        a.    Standard for a Spoliation Claim ................................................................. 18

        b.    Plaintiff Fails to Adequately Allege a Spoliation Claim Against Defendant Hayes ...... 19

        c.    The County is Absolutely Immune from State Law Intentional Torts, Including Spoliation ................................................................................. 20

CONCLUSION ......................................................................................................... 20

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 3, 19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 3, 20

*Buoscio v. McFaul*, No. 78758, 2001 Ohio App. LEXIS 3407 (8th Dist. App. Ct. Aug. 2, 2001) 4

*City of Cleveland v. Watson*, 8th Dist. Cuyahoga No. 108746, 2020-Ohio-3284, ¶ 41 .............. 15

*Contreraz v. Vill. of Bettsville*, 3d Dist. No. 13-10-48, 2011-Ohio-4178 ....................................... 5

*Frank v. Good Samaritan Hosp. of Cincinnati*, No. 1:18cv618, 2019 U.S. Dist. LEXIS 211327 (S.D. Ohio Dec. 9, 2019)........................................................................................ 18

*Frazier v. Michigan*, 41 F. App'x 762 (6th Cir. 2002) .................................................. 3

*Fried v. Friends of Breakthrough Sch.*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215........ 20

*In re C.C.*, 11th Dist. Geauga no. 2008-G-2838, 2008-Ohio-6776 ............................... 11

*Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, 927 N.E.2d 585............................. 3, 4

*Miller v. Target Corp.*, No. 3:13cv216, 2014 U.S. Dist. LEXIS 155458 (S.D. Ohio Nov. 3, 2014) ................................................................................................................... 18

*Rhodes v. City of New Phila.*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782 ................ 6

*Shields v. Plummer*, 10th Dist. Franklin No. 20AP-214, 2020-Ohio-5449 .................................... 5

*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 1993 Ohio 229, 615 N.E.2d 1037 (1993) ................................................................................................................... 18

*State ex rel. Davila v. City of Bellefontaine*, 3d Dist. Logan No. 8-11-01, 2011-Ohio-4890......... 8

*State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 2001-Ohio-193, 750 N.E.2d 156 (Ohio 2001) ................................................................................................................... 10

*State ex rel. Doe v. Tetrault*, 12th Dist. Clermont No. CA2011-10-070, 2012-Ohio-3879.......... 12

*State ex rel. Glasgow v. Jones*, 119 Ohio St. 3d 391, 2008-Ohio-4788, 894 N.E.2d 686 ........ 9, 10

*State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006 Ohio 6365, 857 N.E.2d 1208 .. 9

*State ex rel. Strothers v. Keenon*, 8th Dist. Cuyahoga No. 103313, 2016-Ohio-405 ............. 10, 11

*State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St. 3d 385, 715 N.E.2d 179 (1999) ..... 10

*State ex rel. Verhovec v. City of Northwood*, 6th Dist. Wood Cty. No. WD-13-002, 2013-Ohio-5074 ............................................................................................................................... 8

*State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 1994 Ohio 5, 640 N.E.2d 174 (Ohio 1994) ................................................................................................................ 10

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (10th Dist. 1989) ......... 10

*State v. Robinson-Bey*, 9th Dist. Summit No. 28740, 2018-Ohio-5224 ....................................... 16

*Walker v. Ohio State Univ. Bd. of Trs.*, 10th Dist. Franklin No. 09-AP-748, 2010-Ohio-373 ..... 12

*White v. Ford Motor Co.*, 142 Ohio App.3d 384, 755 N.E.2d 954 (10th Dist. 2001) .................. 18

*Wingfield v. Cleveland*, 8th Dist. Cuyahoga No. 100589, 2014-Ohio-2772 ................................ 20

<u>Statutes</u>

O.A.C. 4501:2-10-06(B) ............................................................................................................. 11

R.C. 149.351 .......................................................................................................................... 5, 6, 7

R.C. 149.351(B) ............................................................................................................................ 6

R.C. 2307.60 ......................................................................................................................... 15, 17

R.C. 2307.60(A)(1) .............................................................................................................. 15, 17

R.C. 2744.02(A)(1) ...................................................................................................................... 3

R.C. 2744.02(B) ........................................................................................................................... 4

R.C. 2744.02(B)(1)-(5) ................................................................................................................ 5

R.C. 2744.03 ................................................................................................................................ 4

R.C. 2905.03 ..................................................................................................... 15

R.C. 2921.03(A).............................................................................................. 14

R.C. 2921.03(C) ............................................................................................... 14

R.C. 2921.44(C)(2) ..................................................................................... 16, 17

R.C. 2923.02(A).............................................................................................. 16

R.C. 2923.02, ................................................................................................. 16

R.C. 2923.23 ............................................................................................. 16, 17

## Other Authorities

1994 Ohio Atty.Gen.Ops. No. 46, 1994 Ohio AG LEXIS 44, at syllabus. ................................... 12

## SUMMARY OF THE ARGUMENT PRESENTED

Defendants Cuyahoga County ("the County") and Darriell Hayes ("Hayes," and together with the County, "Defendants") submits this memorandum of law in support of their motion to dismiss claims 6, 7, 8, 9, 13, and 14 in Glenn Mayer's ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The claims should be dismissed because Plaintiff has failed to adequately allege these claims, and because the County is immune from certain of the claims.

## STATEMENT OF THE ISSUES TO BE DECIDED

- Is the County immune from Plaintiff's reckless hiring and spoliation claims (Claims 7 and 8)?

- Has Plaintiff adequately alleged a destruction of records claim against the County (Claim 9)?

- Has Plaintiff adequately alleged an intimidation claim against Defendant Hayes (Claim 6)?

- Has Plaintiff adequately alleged claims under R.C. 2307.60 against Defendant Hayes (Claims 13 and 14)?

- Has Plaintiff adequately alleged a spoliation claim against Defendant Hayes (Claim 7)?

## RELEVANT FACTUAL ALLEGATIONS

Plaintiff suffers from a neurological condition called central myoclonus. (2nd Am. Compl.[1] ¶ 8.) Plaintiff's condition causes his muscles to spasm and twitch uncontrollably. (2nd Am. Compl. ¶ 8.) When he was booked into the Cuyahoga County Corrections Center (the "CCCC") in August 2018 Plaintiff was assigned to the jail's medical housing unit. (2nd Am. Compl. ¶ 9.) Because of his pronounced tremors his podmates in the medical unit called him "Twitch." (2nd Am. Compl. ¶ 9.) Plaintiff takes daily medication to treat his condition. (2nd Am.

---

[1] Citations to "2nd Am. Compl." refer to Plaintiff's Second Amended Complaint (Doc. # 34).

Compl. ¶ 10.)  While he was in the jail he continued to receive daily medication, which was distributed to him by a nurse.  (2nd Am. Compl. ¶¶ 10, 12.)

On October 16, 2018 Hayes was assigned to be the corrections officer for the medical unit. (2nd Am. Compl. ¶ 11.)  Hayes was not the officer who was typically assigned to that unit.  (2nd Am. Compl. ¶¶ 10-11.)  Rather, Hayes was substituting for the officer typically assigned to the unit.  (2nd Am. Compl. ¶ 11.)

As the officer on duty, Hayes accompanied the nurse, Heather Johnson, who distributed the medications to the inmates in the unit, including Plaintiff.  (2nd Am. Compl. ¶ 12.)  Because of Plaintiff's neurological condition, the nurse must hold Plaintiff's hand still when he receives his medication.  (2nd Am. Compl. ¶ 13.)  However, because Hayes was not the officer typically assigned to the unit, he had not had the chance to build a rapport with Plaintiff and was unfamiliar with Plaintiff's condition.  (2nd Am. Compl. ¶¶ 10, 15.)

During the pill run on October 16, 2018, Plaintiff was the first inmate to get his medication from Nurse Johnson.  (2nd Am. Compl. ¶ 12.)  As Nurse Johnson was holding Plaintiff's hand to give him his medication, his hand twitched.  (2nd Am. Compl. ¶ 14.)  In response, Hayes grabbed the back of Plaintiff's neck with one hand and slammed the elbow of his other arm into Plaintiff's back to restrain him.  (2nd Am. Compl. ¶ 14.)  Plaintiff continued to have spasms as  Hayes restrained him.  (2nd Am. Compl. ¶ 14.)

Nurse Johnson then told Hayes of Plaintiff's neurological condition and instructed him to release Plaintiff.  (2nd Am. Compl. ¶ 15.)  In response to the nurse Hayes said "I'm not used to this, I'm used to choking people out when things like this happen," and released Plaintiff.  (2nd Am. Compl. ¶ 15.)  Plaintiff then took his pills.  (2nd Am. Compl. ¶ 16.)

## LAW AND ARGUMENT

### I.  Standard for a Rule 12(b)(6) Motion to Dismiss

Although Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the United States Supreme Court has held that the claimant must plead more than legal conclusions or blanket assertions of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.  A claimant must provide facts to establish the essential elements of each of its claims. *Twombly*, 550 U.S. at 555. "The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."  *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

### II.  CLAIMS AGAINST THE COUNTY

Defendant Cuyahoga County moves to dismiss Plaintiff's reckless hiring claim because the County is immune from that claim, and Plaintiff's destruction of records claim because Plaintiff fails to adequately allege that claim.

#### a.  Reckless Hiring (Claim 8)

Plaintiff's Reckless Hiring claim should be dismissed because the County is immune from that claim under R.C. 2744.02, which provides a general grant of immunity for political subdivisions from state law claims.

Ohio courts follow a three-tier analysis for determining whether a political subdivision is immune from liability.  *See, e.g.*, *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 8.  The first tier is the general grant of immunity found in R.C. 2744.02(A)(1).  *Id.* (quoting R.C. 2744.02(A)(1)).  The second tier focuses on the five exceptions to the general grant

3

of immunity which are listed in R.C. 2744.02(B). *Lambert,* 2010-Ohio-1483, ¶ 9. If none of the exceptions apply, then the analysis stops there and the political subdivision is entitled to immunity. If any of the exceptions do apply, then the court moves on to the third tier, which asks whether any of the defenses to liability contained in R.C. 2744.03 reinstate immunity. *Id.* (citation omitted).

Here the County passes the first tier. Plaintiff acknowledges in his complaint that the County is a political subdivision. *See* 2nd Am. Compl. ¶ 4, Doc. No. 34, PageID # 365-66; *see also* R.C. 2744.01(F) (defining "political subdivision"). Additionally the operation of a jail is a governmental function. *See* R.C. 2744.01(C)(2)(h) (including the "operation of jails" within the definition of "governmental function"); *see also Buoscio v. McFaul*, No. 78758, 2001 Ohio App. LEXIS 3407, at *13 (8th Dist. App. Ct. Aug. 2, 2001) ("R.C. 2744.01(C)(2)(h) provides that the operation of a jail or other detention facility is a governmental, rather than a proprietary, function.").

Here there is no need to move to the third tier, because none of the five exceptions to immunity found in R.C. 2744.02(B) apply to Plaintiff's reckless hiring claim. The five exceptions to immunity are:

(1) "the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority";

(2) "the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions";

(3) "their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads";

(4) "negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function . . . but not including jails, . . ."

(5) "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code."

R.C. 2744.02(B)(1)-(5).

None of these exceptions to immunity apply to Plaintiff's reckless hiring claim. Plaintiff's Second Amended Complaint alleges only that the County "failed to exercise due care and acted in a reckless manner in hiring, training, supervising, disciplining, staffing, and retaining Defendant Hayes," and that "Defendant Hayes was unfit for his position and duties." (2nd Am. Compl. ¶¶ 338-39, Doc. # 34, PageID # 614.) Although Plaintiff may argue that the second exception is applicable, as described above, Ohio law state expressly that the operation of a jail is a governmental function, not a proprietary function. Because none of the exceptions found in R.C. 2744.02(B) apply, the analysis stops there and the County is immune from Plaintiff's reckless hiring claim, and the claim should be dismissed. *Cf. Shields v. Plummer*, 10th Dist. Franklin No. 20AP-214, 2020-Ohio-5449, ¶ 17 (affirming immunity for defendant political subdivision where plaintiff argued her injuries were caused by employee's poor judgment and lack of training); *Contreraz v. Vill. of Bettsville*, 3d Dist. No. 13-10-48, 2011-Ohio-4178, ¶ 40 (finding that allegations sounding in reckless hiring are insufficient to overcome R.C. 2744 immunity).

### b. Destruction of Public Records (Claim 9)

Plaintiff's refreshed destruction of public records claim, asserted under R.C. 149.351, should be dismissed because it is vague and ambiguous, and to the extent it pleads any specific allegations, those allegations cannot sustain a destruction of public records claim under R.C. 149.351.

### i. Elements of a R.C. 149.351 Forfeiture Action

Ohio Revised Code Section 149.351 provides that a person who is "aggrieved" by the destruction of a public record may bring a civil action to recover a forfeiture in the amount of $1,000 per violation, with a maximum of $10,000, as well as attorneys' fees, which are not to

exceed the amount of the forfeiture. R.C. 149.351(B), (B)(2).

There are four elements to a R.C. 149.351 civil action for forfeiture: "[1] [plaintiff] must have requested public records, [2] the public office must have been obligated to honor that request, subject to certain exceptions in R.C. 149.43(B), [3] the office must have disposed of the public records in violation of R.C. 149.351(A), and [4] [plaintiff] must be aggrieved by the improper disposal.." *Rhodes v. City of New Phila.*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 16.

### ii. Plaintiff's New Destruction of Records Claim Should be Dismissed as it Fails to Adequately Allege a Claim

Plaintiff asserted a destruction of public records claim in both his Original Complaint, and in his First Amended Complaint. The claim was substantively identical in both complaints, and was limited to a claim for the destruction of the video of the October 16, 2018 incident at issue in this case. Those complaints alleged that "the County destroyed the surveillance footage of Defendant Hayes's attack on Mr. Mayer." (Compl. ¶ 225, Doc. # 1-1, PageID # 42; 1st Am. Compl. ¶ 293, Doc. # 11, PageID # 328.)

In his Second Amended Complaint Plaintiff appears to vastly expand his public records claim. He identifies 21 categories of documents that he alleges to have requested. (2nd Am. Compl. ¶¶ 61-62, Doc. #34, PageID # 575-76.) But Plaintiff's Second Amended Complaint does not make clear whether he is alleging that all of the requested documents were destroyed. Plaintiff merely makes the vague allegations that the County has destroyed "many recordings from surveillance cameras," and "many recordings from body-worn cameras," and "many paper records Mr. Mayer has requested," and "fail[ed] to retain the records Mr. Mayer requested." (2nd Am. Compl. ¶¶ 84, 92, 93, 346, Doc. #34, PageID # 577.) As a result, it is unclear from Plaintiff's Second Amended Complaint precisely which records are the focus of his destruction of records

6

claim. These conclusory allegations are precisely the sort of threadbare recital of the elements of a claim that is insufficient to state a claim under the standards of *Iqbal/Twombly*.

Plaintiff's Second Amended Complaint is further ambiguous because in the Prayer for Relief, he only asks for damages for "for the County's destruction of the videos of Defendant Hayes's attack on Mr. Mayer." [2] (2nd Am. Compl. pg. 62, Doc. # 34, PageID # 626.) Plaintiff does not seek damages for the alleged destruction of any other records. But it is not clear whether Plaintiff is still asserting a claim related to the video from the October 16 incident, as that particular video is not mentioned anywhere else in the body of the Complaint, and Plaintiff removed the allegations related to that video that were in the previous versions of the Complaint. (*See* Redline of 2nd Am. Compl. pg. 52, Doc. # 34-2, PageID # 731.)

Plaintiff only provides two specific categories of documents which he alleges were destroyed by Defendants: (1) "all video" created of Plaintiff in the jail; and (2) the background check conducted on Defendant Hayes when he was hired by the jail. As a result, those are the only two theories of liability that should be considered for this claim, and because neither of these is sufficient to state a claim, as will be shown below, this claim should be dismissed.

### iii. Plaintiff's Requests Were Improper, and Thus Plaintiff Cannot Prevail on His R.C. 149.351 Civil Forfeiture Claim

Here, to the extent that Plaintiff has plead two specific categories of documents that create liability under R.C. 149.351, Plaintiff's Second Amended Complaint does not adequately allege all of the elements of a R.C. 149.351 forfeiture claim, and thus Plaintiff's forfeiture claim should

---

[2] Although these facts are not before the Court on this motion, Defendants are unclear as to how Plaintiff can in good faith assert a claim for the destruction of the video of the October 16, 2018 incident, given that Plaintiff was told before filing the lawsuit that no such video was ever created, and because in this litigation Defendants have produced verified interrogatory responses and documents showing how the video cameras in Plaintiff's pod were not operational until months after the incident.

be dismissed.

### iv. An Improper Public Records Request Cannot be the Basis for an R.C. 149.351 Forfeiture Claim

Ohio law is clear that improper requests cannot be the basis for an R.C. 149.351 claim. In *State ex rel. Davila v. City of Bellefontaine*, 3d Dist. Logan No. 8-11-01, 2011-Ohio-4890, the appellate court affirmed the trial court's dismissal of plaintiff's R.C. 149.351 claim. The *Davila* court found that because plaintiff's claim was overbroad it "*did not rise to the status of a request pursuant to R.C. 149.43*" and could not sustain a R.C. 149.351 claim. 2011-Ohio-4890, ¶ 47 (emphasis in original).

Similarly in *State ex rel. Verhovec v. City of Northwood*, 6th Dist. Wood Cty. No. WD-13-002, 2013-Ohio-5074, the court held that because plaintiff's records request was overbroad, it "[did] not rise to the status of a request pursuant to RC. 149.43." 2013-Ohio-5074, ¶ 21 (citing *State ex rel. Davila*, 2011-Ohio-4890, ¶ 45). As a result, the records request could not serve as the basis for a mandamus under R.C. 149.351. *Id.*; *see also State ex rel. Zauderer*, 62 Ohio App.3d 752, 756 (finding that plaintiff's records request "cannot rise to the status of a request pursuant to R.C. 149.43" because it is overbroad).

### v. Plaintiff's Request for "All video of Mr. Mayer" is Overly Broad and Ambiguous and thus Improper

Plaintiff asserts that his counsel made the following public records request:

> All video footage of Mr. Mayer, including footage of the afternoon pill distribution in Pod 6B on October 16, 2018 and footage of Mr. Mayer receiving any medical treatment on October 16–17, 2018. Please also provide footage of the 10 minutes before and after these events

(2nd Am. Compl. ¶ 61, Doc. # 34, PageID # 575.) Plaintiff further alleges that there were "dozens of surveillance cameras running 24 hours a day, seven days a week throughout the jail, it provided

surveillance video from only about 46 minutes of the two months in which Mr. Mayer was detained at the jail." (2nd Am. Compl. ¶ 69, Doc. # 34, PageID # 577.)[3] Plaintiff then recites a list of various cameras that should have captured footage of Plaintiff while he was incarcerated. (2nd Am. Compl. ¶¶ 71-79, Doc. # 34, PageID # 577-78.) Plaintiff also appears to allege that the request sought all body-worn camera footage of Plaintiff, too. (2nd Am. Compl. ¶¶ 18-22, 86-92, Doc. # 34, PageID # 577-78.)

Plaintiff is alleging that his claim for "all video" was a request for any and all video footage of Plaintiff from the jail, including both surveillance camera footage and body-worn camera footage. Notably, the request contains no limitation as to time. From the text of the request, it appears that Plaintiff is seeking all video footage of himself, without any limitation as to time. As Plaintiff alleges in the Complaint, he was in the jail for at least two months, (2nd Am. Compl. ¶ 69, Doc. # 34, PageID # 577), and the jail is a 24/7 operation, (*id.*), and so Plaintiff's request for "all video," with no time limitation, was seeking a vast amount of video. In fact, the request does not specify whether it is limited to Plaintiff's incarceration in late 2018, or some other term of incarceration. In short, it is a very broad, and very ambiguous request.

Ohio law does not require public entities to respond to overly broad public records requests. "'[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.'" *State ex rel. Glasgow v. Jones*, 119 Ohio St. 3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17 (quoting *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006 Ohio 6365, 857 N.E.2d 1208, ¶ 29). "[T]he Public Records Act 'does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government

---

[3] It was actually three-and-a-half months, from August 18, 2018, until December 3, 2018. *See* Docket, *State v. Mayer*, CR-18-631846-A (Cuy. Cty. Comm. Pleas Ct.).

agencies.'" *Id.* (quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 1994 Ohio 5, 640 N.E.2d 174 (Ohio 1994)).

Ohio courts have repeatedly held that requests that are similarly broad to Plaintiff's request for "all video" are improper. In *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 2001-Ohio-193, 750 N.E.2d 156 (Ohio 2001) the Ohio Supreme Court held that plaintiff's request to the defendant police chief for "any and all records generated, in the possession of your department, containing any reference whatsoever to Kelly Dillery" to be overbroad and improper. 92 Ohio St.3d at 312. The Ohio Supreme Court held that because the plaintiff failed to specify certain documents, "she failed in her duty to identify the records she wanted with sufficient clarity." 92 Ohio St.3d at 314 (citing *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St. 3d 385, 391, 715 N.E.2d 179, 185 (1999)).

In *State ex. rel. Glasgow*, the Ohio Supreme Court found that a request for all work-related emails, text messages, and correspondence sent and received by a public official during their time in office "was improper because it was overly broad." *State ex rel. Glasgow v. Jones*, 119 Ohio St. 3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 19.

In *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (10th Dist. 1989), the plaintiff sought "all traffic accident reports of record." The appellate court dismissed plaintiff's claim, finding that:

> [t]he indefiniteness of such a request renders it incapable of being acted upon and certainly unsuitable for mandamus. Moreover, this general request, even if it could be defined, is, first, unreasonable in scope and, second, if granted, would interfere with the sanctity of the recordkeeping process itself.

*Zauderer*, 577 N.E.2d at 446.

In *State ex rel. Strothers v. Keenon*, 8th Dist. Cuyahoga No. 103313, 2016-Ohio-405, the

appellate court found that plaintiff's request for all personnel records was overbroad because it "does not contain any limitations as to the time frame, the subject matter of the specific public records from the personnel files that are being sought, and does not identify records relating to any specific employee or set of employees." 2016-Ohio-405, ¶ 29. The court noted that "the Public Records Act does not contemplate a complete duplication of voluminous files kept by government agencies." *Id.* (collecting cases).

This precedent, and others, shows that Plaintiff's request for "all video" of Plaintiff, without any time limitation, was improper, and thus cannot be the basis for a R.C. 149.351 claim, and that claim should be dismissed.

### vi. Plaintiff is Not Aggrieved by the Destruction of Defendant Hayes's Background Check

The second category of allegedly destroyed documents that Plaintiff identifies with specificity is "records of Defendant Hayes's background check." (2nd Am. Compl. ¶ 97, Doc. # 34, PageID # 579.) Plaintiff alleges in the Second Amended Complaint that he requested "[a]ll records created in compliance with Section A.9.3 of the FPBDS regarding any background investigation for Mr. Hayes including criminal history, employment references, credit history, verification of U.S. citizenship, pre-employment interview, and drug screening." (2nd Am. Compl. ¶ 62(h), Doc. # 34, PageID # 576.)

Regardless of whether the documents were destroyed or not, Plaintiff is not aggrieved by the destruction of background check records because they are not public records. Data from the law enforcement automated data system (LEADS) is not a public record. *See* O.A.C. 4501:2-10-06(B); *see also In re C.C.*, 11th Dist. Geauga no. 2008-G-2838, 2008-Ohio-6776, ¶ 10 ("[R]ecords of information contained in or processed through LEADS, including data entered directly into a LEADS data base, computer tape logs created by LEADS of transactions on LEADS, and hard

copies of data on a LEADS data base or from other data bases accessed through LEADS, are not public records subject to disclosure pursuant to R.C. 149.43(B).") (quoting 1994 Ohio Atty.Gen.Ops. No. 46, 1994 Ohio AG LEXIS 44, at syllabus.)

Because the background check records are not public records, Plaintiff cannot bring a R.C. 149.351 forfeiture claim for their alleged destruction. *See, e.g.*, *Walker v. Ohio State Univ. Bd. of Trs.*, 10th Dist. Franklin No. 09-AP-748, 2010-Ohio-373, ¶ 27 (finding that plaintiff not an aggrieved person because they were not entitled to the requested records and affirming dismissal of plaintiff's case); *State ex rel. Doe v. Tetrault*, 12th Dist. Clermont No. CA2011-10-070, 2012-Ohio-3879, ¶¶ 44-45 (finding that records sought were not public records and therefore plaintiff was not aggrieved by their destruction, and affirming judgment for defendant on R.C. 149.351 claim).

### III. CLAIMS AGAINST DEFENDANT HAYES

Claims 6, 13, and 14 against Defendant Hayes should be dismissed under Fed. R. Civ. P. 12(b)(6) because they are not adequately alleged.

#### a. Intimidation Claim (Claim 6)

Plaintiff reasserts his previously-dismissed intimidation claim without any changes, and the claim should be dismissed again for the same reason – Plaintiff fails to adequately allege the claim.

##### i. This Court Previously Dismissed Plaintiff's Intimidation Claim

Plaintiff asserted an intimidation claim against Defendant Hayes in both his Original Complaint and his First Amended Complaint. (*See* Original Complaint ¶¶ 198-201, Doc. # 1-1, PageID # 38-39; 1st Am. Compl. ¶¶ 264-69, Doc. # 11, PageID # 324-25.)

On January 13, 2020, Defendant Hayes filed a Rule 12(b)(6) motion to dismiss the

intimidation claim, asserting that Plaintiff failed to adequately allege the claim.

On February 12, 2020 Plaintiff filed his First Amended Complaint in response to the Motion to Dismiss.

On January 19, 2021, this Court granted Defendant Hayes's motion to dismiss the intimidation claim. (*See* Op. and Order p. 12, Doc. # 26, PageID # 475.) The Court ruled that it was treating the motion to dismiss the Original Complaint as a motion to dismiss the First Amended Complaint. (Op. and Order p. 1, Doc. # 26, PageID # 464.) In dismissing the claim, this Court ruled that:

> Plaintiff does not allege that he suffered any injury as a result of the allegedly false report filed. A civil claim for intimidation requires "injury ... as a result of the commission of the offense." Ohio Rev. Code § 2921.03(C). Without an alleged injury from the allegedly false report, Plaintiff may not maintain this claim.

(Op. and Order p. 12, Doc. # 26, PageID # 475.)

On February 11, 2021 Plaintiff filed his Second Amended Complaint, and reasserted the same intimidation claim, without adding any additional factual allegations to support it. (*See* Redline of Second Amended Complaint, Doc. # 34-2, PageID # 728-29.)

### ii. Plaintiff's Second Amended Complaint Fails to Solve the Problems with his Intimidation Claim

Plaintiff's reasserted and unchanged intimidation claim should again be dismissed for the same reason it was previously dismissed: it is not adequately alleged because the Second Amended Complaint fails to allege two of the elements of such a claim.

Revised Code section 2921.03 provides the requirements for an intimidation claim:

> No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in

the discharge of the person's duty.

R.C. 2921.03(A).

By its text the statute only applies to an individual found to be "<u>using</u> a materially false or fraudulent <u>writing</u> . . . ."  R.C. 2921.03(A) (emphasis added).  But nowhere in the Complaint does Plaintiff identify a writing that was used to intimidate Plaintiff.  Despite having the benefit of a year of discovery, and the extensive public records responses Plaintiff received before filing the Original Complaint, nowhere in the Complaint does Plaintiff identify any writing made by Defendant Hayes, let alone a false or fraudulent writing.  In fact, Plaintiff alleges the absence of any writing by Hayes, alleging that he "fail[ed] to report the use of force." (2nd Am. Compl. ¶ 36, Doc. # 34, PageID # 571.)  Plaintiff thus fails to adequately allege an intimidation claim.

Plaintiff attempts a sort of sleight-of-hand, by asserting that "[t]he materially false or fraudulent writing Defendant Hayes filed was in relation to his use of force against Mr. Mayer . . . . Hayes claimed falsely that he was trying to 'secure him from falling' . . .  Defendant Hayes admitted in the report that Mr. Mayer was compliant when Hayes used force: 'I didn't think he was doing anything wrong.'"  (2nd Am. Compl. ¶ 327, Doc. # 34, PageID # 613.)  But Plaintiff's own complaint shows that these allegedly false statements were not made in a writing, but instead in an interview given to a jail official.  (*See* 2nd Am. Compl. ¶¶ 29-31, Doc. # 34, PageID # 570 (describing investigatory interview of Defendant Hayes)).  In addition to failing to allege any false writing by Defendant Hayes, the Second Amended Complaint also fails to make any nonconclusory allegations that Defendant Hayes used any writing, or how he used it.

Further, the statute also provides that a defendant is liable only for "injury, death, or loss to person or property incurred <u>as a result of the commission of the offense</u>."  R.C. 2921.03(C) (emphasis added).  Even assuming for the sake of argument that Plaintiff could make out an

intimidation claim based on the alleged false statements made by Defendant Hayes, Plaintiff has not plead any facts to show that he was injured by Defendant Hayes's alleged false statement, and thus he has failed to provide facts to establish another of the essential elements of this claim. Plaintiff simply makes the conclusory assertion that he has suffered "mental, emotional, and physical pain and suffering." (2nd Am. Compl. ¶ 330, Doc. # 34, PageID # 614.)

Nothing has changed since this Court previously dismissed this claim, and the claim should be dismissed again for the Second Amended Complaint's failure to state a claim. Defendants ask that this claim be dismissed with prejudice, as Plaintiff has already had three chances to plead it.

### b. Civil Liability for Unlawful Restraint (Claim 13)

In Claim 13 Plaintiff alleges that Defendant Hayes is civilly liable under R.C. 2307.60 for committing the crime of unlawful restraint, which is criminalized at R.C. 2905.03. Plaintiff also asserts that Hayes is civilly liable for committing attempted unlawful restraint.

R.C. 2307.60 provides that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, . . ." R.C. 2307.60(A)(1). By its terms, the statute requires a plaintiff to show that the defendant has committed a criminal act.

This claim should be dismissed because, as an inmate, Plaintiff was not at liberty, and thus Defendant could not commit the crime of unlawful restraint. The elements of the crime of unlawful restraint are:

> (1) the defendant's act was willful; (2) the defendant's conduct substantially interfered with another person's liberty; (3) the victim knows of the restraint or is harmed as a result of the restraint; (4) the restraint is total; (5) the defendant exercised any force, or express or implied threat of force including a reasonable apprehension of force; and (6) the defendant acted without legal justification.

*City of Cleveland v. Watson*, 8th Dist. Cuyahoga No. 108746, 2020-Ohio-3284, ¶ 41. Here, there

is no way that Plaintiff can prove all of the elements of this claim, because Plaintiff, as an incarcerated individual, was not at liberty. The reference to liberty is not to the liberty to move your body around in your immediate space, but to liberty in a more general sense, the kind of liberty that an incarcerated individual does not have. It is helpful to consider that the crime of unlawful restraint is a lesser included offense of the crime of kidnapping. *See State v. Robinson-Bey*, 9th Dist. Summit No. 28740, 2018-Ohio-5224, ¶ 47 (citation and quotation omitted). The second element asks "whether the restraint is such as to place the victim in the offender's power and beyond immediate help, even though temporarily." *Id.* (quotation omitted). Jail inmates are always subject to control by the guards, and so Plaintiff cannot satisfy this element, and the claim should be dismissed.

Plaintiff also accuses Hayes of attempted unlawful restraint in violation of R.C. 2923.02,[4] which provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). In short, Plaintiff has to allege that Hayes intentionally engaged in conduct that could result in an unlawful restraint. However, this theory of liability should be dismissed for the same reason as the core unlawful restraint claim, as Hayes can not have intended to commit an unlawful restraint of an inmate. For all of the above reasons, Claim 13 should be dismissed.

### c. Civil Liability for Criminal Dereliction of Duty (Claim 14)

In Claim 14 Plaintiff alleges that Defendant Hayes committed the criminal act of dereliction of duty, in violation of R.C. 2921.44(C)(2), as well as attempted dereliction of duty in

---

[4] Plaintiff cites to R.C. 2923.23 in his Second Amended Complaint, but Defendant assumes that is a typo, as that is not the attempt statute.

violation of R.C. 2923.02.[5]

R.C. 2921.44(C)(2) provides that "No officer, having charge of a detention facility, shall negligently do any of the following: . . . (2) Fail to provide persons confined in the detention facility with adequate food, clothing, bedding, shelter, and medical attention." Plaintiff alleges that Hayes violated the dereliction of duty statute by failing to provide Plaintiff with medical attention, when Hayes "caused the pills to fly from Mr. Mayer's hand, . . ." (2nd Am. Compl. ¶ 409, Doc. # 34, PageID # 625.)

However, the allegations in the Second Amended Complaint show that Plaintiff was ultimately successful in taking his medication after the incident. (2nd Am. Compl. ¶ 16, Doc. # 34, PageID # 567 ("Even after releasing Mr. Mayer's neck, and Mayer had cooperated with the nurse to take his pills, . . .") The Second Amended Complaint thus fails to adequately allege that Hayes failed to provide Plaintiff with medical attention. As a result, this claim should be dismissed. Nor is there any allegation in the Complaint that Plaintiff was ever at risk of being deprived his medication.

Further, under R.C. 2307.60, plaintiff must have been "injured in person or property by a criminal act" to have a claim. R.C. 2307.60(A)(1). Although Plaintiff makes a conclusory allegation that he was injured by having the pills knocked out of his hand, *see* 2nd Am. Compl., Doc. # 34, PageID # 625, that allegation is not plausible, given that Plaintiff acknowledges that he ultimately took his medicine. As a result, Plaintiff has not adequately alleged that he was injured by Hayes's alleged dereliction of duty.

To the extent that Claim 14 is also based on attempt liability under R.C. 2923.02, it should

---

[5] Again, just as above, Plaintiff cites to R.C. 2923.23 in his Second Amended Complaint, and Defendant again assumes that is a typo, and that Plaintiff intended to cite to 2923.02.

also be dismissed because, again, Plaintiff has not alleged adequately alleged that he was injured. For the above reasons, Claim 14 should be dismissed.

## IV. SPOLIATION CLAIM AGAINST BOTH DEFENDANTS (CLAIM 7)

In his Second Amended Complaint Plaintiff has, for the first time, alleged an Ohio common law spoliation claim against both defendants. This claim should be dismissed as to Defendant Hayes because the complaint does not contain any spoliation allegations directed at Defendant Hayes, and as to the County because the County is absolutely immune from Ohio state law intentional torts.

### a. Standard for a Spoliation Claim

Under Ohio law, spoliation is an intentional tort. The elements of an Ohio law spoliation claim are: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) <u>willful</u> destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 1993 Ohio 229, 615 N.E.2d 1037 (1993) (emphasis added) (citation omitted).

Mere negligence is does not give rise to a cause of action for spoliation. *See, e.g.*, *Frank v. Good Samaritan Hosp. of Cincinnati*, No. 1:18cv618, 2019 U.S. Dist. LEXIS 211327, at *9-12 (S.D. Ohio Dec. 9, 2019) (granting motion to dismiss plaintiff's claim for negligent destruction of evidence); *Miller v. Target Corp.*, No. 3:13cv216, 2014 U.S. Dist. LEXIS 155458, at *8 (S.D. Ohio Nov. 3, 2014) ("'Ohio does not recognize a cause of action for negligent spoliation of evidence.'") (quoting *Marok v. Ohio State Univ.*, 10th Dist. Franklin No. 13-ap-12, 2014-Ohio-1184, ¶ 36); *White v. Ford Motor Co.*, 142 Ohio App.3d 384, 388, 755 N.E.2d 954 (10th Dist. 2001) ("In *Howard Johnson*, the Supreme Court was asked whether a cause of action existed for

either intentional or negligent spoliation of evidence, and found only a cause of action for intentional spoliation of evidence.").

### b. Plaintiff Fails to Adequately Allege a Spoliation Claim Against Defendant Hayes

Plaintiff alleges that "Defendant Hayes destroyed many records related to Mr. Mayer and Mr. Hayes, including video footage of Mr. Mayer and Defendant Hayes, as well as paper records relating to the County's hiring and supervision of Defendant Hayes." (2nd Am. Compl. ¶ 334, Doc. # 34, PageID # 614.) This is a conclusory allegation devoid of actual facts, and falls apart upon scrutiny.

Regarding the video evidence, Plaintiff alleges that the surveillance video was overwritten automatically, and does not allege that Defendant Hayes played any part in that. And he does not allege that Defendant Hayes was wearing a bodycam, or that Defendant Hayes deleted bodycam video.[6] Regarding paper evidence, Plaintiff does not provide any non-conclusory allegations that Defendant Hayes destroyed paper evidence.

To the extent that Plaintiff makes any non-conclusory allegations about the destruction of paper records, they are all directed toward the County. In fact, Plaintiff's complaint alleges that "[t]he jail has likewise destroyed many paper records Mr. Mayer has requested." (2nd Am. Compl. ¶ 93, Doc. # 34, PageID # 579.) Plaintiff makes no specific allegations regarding destruction of paper records by Defendant Hayes.

This is precisely the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has told us "do not suffice." *Iqbal*, 556 U.S. at 678. A claimant must provide facts to establish the essential elements of each

---

[6] In fact, Defendant Hayes has already provided a verified interrogatory response in this litigation stating that he was not wearing a bodycam at the time of the incident.

of its claims, *Twombly*, 550 U.S. at 555, which Plaintiff has not done in Claim 7.

### c. The County is Absolutely Immune from State Law Intentional Torts, Including Spoliation

As to the County, the spoliation claims must be dismissed because under Ohio law, "[i]t is well established that under R.C. 2744.02, political subdivisions are immune from intentional torts.'" *Fried v. Friends of Breakthrough Sch.*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 24 (quoting *Wingfield v. Cleveland*, 8th Dist. Cuyahoga No. 100589, 2014-Ohio-2772, ¶ 9).  As described above in Part II.a, Plaintiff acknowledges in his Second Amended Complaint that the County is a political subdivision.  Because spoliation is an intentional tort under Ohio law, the County is absolutely immune from the claim, and it should be dismissed.

### CONCLUSION

For the above reasons, Defendants respectfully request that this Court dismiss Claims 6, 7, 8, 9, 13, and 14 in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting
Attorney for Cuyahoga County, Ohio

__*/s/ Kenneth Rock*_____
KENNETH ROCK (0096482)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio   44113
Tel:  (216) 443-7825 Fax: (216) 443-7602
*krock@prosecutor.cuyahogacounty.us*

*Attorney for Defendants Cuyahoga County and Darriell Hayes*

## CERTIFICATION OF COMPLIANCE WITH L. R. 7.1(f)

This memorandum is 20 pages long (not including this certificate) and complies with L.R. 7.1(f).

> ___/s/ Kenneth Rock_____
> KENNETH ROCK (0096482)
> Assistant Prosecuting Attorney
> The Justice Center, Courts Tower
> 1200 Ontario Street, 8th Floor
> Cleveland, Ohio 44113
> Tel: (216) 443-7825 Fax: (216) 443-7602
> *krock@prosecutor.cuyahogacounty.us*
>
> *Attorney for Defendants Cuyahoga County and Darriell Hayes*